UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TRACIE M. HUNTER, | : | Case No. 1:16-cv-561 |
| Petitioner, | : | Judge Timothy S. Black |
| vs. | : | |
| JUDGE PATRICK DINKELACKER, et al., | : | |
| Respondents. | : | |

### ORDER GRANTING PETITIONER'S EMERGENCY MOTION
### FOR STAY OF EXECUTION OF SENTENCE

Tracie M. Hunter today filed in this federal court a petition for writ of habeas corpus. She argues that the State cannot be permitted to send her to jail because her fundamental right to a fair trial under the Constitution of the United States was denied.

After exhausting all appeals in the state appellate courts, any citizen has the right to ask a federal court to review whether a state court proceeding violated fundamental rights guaranteed under the federal constitution.

Hunter has the right at law to petition the federal courts to release her from her jail sentence if her constitutional right to a fair trial was denied because the proceedings "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Whether that occurred here will require a careful, and therefore lengthy, review by this Court.

Having filed her federal habeas petition, Hunter also moves for an emergency stay

(suspension) of her six-month jail sentence – which she is scheduled to begin serving tomorrow, on Friday, May 20, 2016, at 9:00 a.m. – during the pendency of her federal habeas petition in this Court.

The question presented today is whether Hunter should serve her six months of jail time while this federal court is deciding whether or not she should have to serve that sentence.

This Court has the power to grant a stay of execution of Hunter's state court sentence because she has filed a petition for writ of habeas corpus. *See* 28 United States Code § 2251.

To determine whether a stay should be granted, this Court asks:

1) whether there is a likelihood [the petitioner] will succeed on the merits . . . ;
2) whether there is a likelihood [the petitioner] will suffer irreparable harm absent a stay;
3) whether the stay will cause substantial harm to others; and
4) whether the injunction would serve the public interest.

*Workman v. Bell*, 484 F.3d 837, 839 (6th Cir. 2007).

Having considered these factors, and given the circumstances of this case, this Court believes that a decision requiring Hunter to begin serving her sentence *before* this Court can make a ruling on the merits of her petition would be unfair on its face. The interests of justice, and thereby the public interest, will be served by a stay.[1]

---

[1] Yesterday, The Supreme Court of Ohio declined, by a 4-3 vote, to accept jurisdiction of Judge Hunter's discretionary appeal. The dissent by three justices signals that there may exist substantial constitutional concerns relating to Hunter's six week trial. Accordingly, at this stage, Hunter has evidenced a "significant possibility of success on the merits," favoring entry of a stay. *See Hill v. McDonough*, 547 U.S. 573 (2006). Moreover, Hunter would suffer irreparable harm each day she served in jail in violation of the U.S. Constitution … if she prevails in this case. *See Ward v. Wolfenbarger*, 340 F. Supp. 2d 773, 778 (E.D. Mich. 2004).

There is no need to rush.

Accordingly, this Court grants Hunter's motion for stay of execution of sentence, to wit: This Court **ORDERS** that execution of sentence in the Hamilton County Court of Common Pleas before Judge Patrick Dinelacker in Case Nos. B1400110 and B1400199 is hereby **STAYED**, pending resolution of her petition for writ of habeas corpus now pending in this federal court.

Forthwith, the Clerk shall provide notice of this Order to Judge Dinelacker and the Hamilton County Court of Common Pleas.

**IT IS SO ORDERED.**

Date: May 19, 2016

Timothy S. Black
United States District Judge