# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| TRACIE M. HUNTER, | : | Case No. 1:16-cv-561 |
| Petitioner, | : | District Judge Timothy S. Black |
| | : | Magistrate Judge Karen L. Litkovitz |
| vs. | : | |
| HAMILTON COUNTY COURT OF COMMON PLEAS, *et al.*, | : | |
| Respondents. | : | |

## ORDER DENYING HUNTER'S EMERGENCY MOTION
## TO STAY PENDING APPEAL

Before the Court is Petitioner Tracie M. Hunter's emergency motion for stay of execution of her sentence pending appeal. (Doc. 61). The motion is not well-taken.

First, in the Court's final Order of yesterday (Doc. 58), the Court already found it proper to vacate its prior stay in this Court of the state court proceedings (Doc. 4). The Court stands by that decision as the stay was to remain in place only while the case was before this Court.

Second, the Court finds that its jurisdiction to enter a stay is questionable. 28 U.S.C. § 2251 provides:

> A justice or judge of the United States **before whom a habeas corpus proceeding is pending**, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

28 U.S.C.A. § 2251(a)(1) (emphasis added). Hunter's habeas corpus proceeding is no longer pending before the Court and Hunter has filed a notice of appeal. (Doc. 60). "In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985). The Court finds that any motion to stay execution of Hunter's sentence should be filed with the Sixth Circuit.

Finally, even assuming arguendo that this Court has jurisdiction to enter a stay pending appeal, the four-factor test used to determine whether to enter a stay weighs against a stay of Hunter's sentence. To determine whether granting a stay is appropriate, courts consider:

> 1) whether there is a likelihood [petitioner] will succeed on the merits of the appeal; 2) whether there is a likelihood [petitioner] will suffer irreparable harm absent a stay; 3) whether the stay will cause substantial harm to others; and 4) whether the injunction would serve the public interest.

*Workman v. Bell*, 484 F.3d 837, 839 (6th Cir. 2007). Moreover, a petitioner must show a "<u>significant possibility</u> of success on the merits" to obtain a stay. *Hill v. McDonough*, 547 U.S. 573, 574 (2006) (emphasis added).

While the Court granted Hunter a certificate of appealability on the narrow issue of her prosecutorial misconduct claim, Hunter cannot show a <u>significant possibility</u> of success on the merits. The Hamilton County Court of Common Pleas, the Ohio Court of Appeals, the Supreme Court of Ohio, a United States Magistrate Judge, and now this Court have all considered Hunter's claims and denied her relief. Because Hunter has not

2

shown a significant possibility of success on the merits, a stay is not warranted. Additionally, the third and fourth factors weigh against entering a stay because the Respondents and the public have an interest in the finality of judgments. While Hunter has shown that she may suffer irreparable harm absent a stay, that showing alone is insufficient.

Accordingly, this Court **DENIES** Hunter's emergency motion for stay of execution of sentence pending appeal (Doc. 61).

**IT IS SO ORDERED.**

Date: May 30, 2019 */s/ Timothy S. Black*
Timothy S. Black
United States District Judge